[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was consolidated for trial with the action entitled Philip DePasquale v. Anthony Korytko, No. CV 90-0372966S. In this action the plaintiff seeks damages and injunctive relief for the defendant's alleged violation of a Restrictive Covenant dated September 22, 1988 and recorded in the land records of the town of Bristol. On October 3, 1988 the defendant purchased lot 8 Kory Lane, Bristol, Connecticut from the plaintiff. The deed from the plaintiff to the defendant contained an express reference that the property was subject to the provisions of the Restrictive Covenant.
The plaintiff alleges that the defendant violated paragraph Four of the Restrictive Covenant, which prohibits the erection of a structure on the lot without the plaintiff's prior written approval of the plans for the structure. The defendant has not erected a structure of any kind on his property and, therefore, has not violated paragraph Four. CT Page 5413
The Sixth paragraph of the Restrictive Covenant prohibits the placement of structures, plantings or other materials within utility or drainage easements on lot 8 such that they interfere with the installation or maintenance of utilities or change the direction of the flow of drainage channels. There was some evidence that the defendant placed fill on lot 8, but the court does not find that there was sufficient evidence to permit the conclusions that the fill interfered with the installation or maintenance of utilities, or changed the flow of drainage channels on the lot. Therefore, the plaintiff has not proved that the defendant violated the Sixth paragraph of the Restrictive Covenant.
The other significant violation of the Restrictive Covenant claimed by the plaintiff was the removal of trees in excess of four inches in diameter from lot 8 in violation of paragraph Fourteen of the Covenant. The court finds that there was insufficient evidence to support this claim.
Based on the foregoing, judgment may enter in favor of the defendant, Philip DePasquale.
By the Court,
Aurigemma, J.